UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARYL KAMPWERTH,

      Plaintiff,

v.                              CASE NO.  8:10-CV-2929-T-17EAJ

SOUTHWEST AIRLINES CO.,
et al.,

      Defendants.

_____/


ORDER

This cause is before the Court on:


Dkt. 24   Motion to Dismiss or Transfer Venue
Dkt. 27   Motion to Transfer to Northern District of Texas
Dkt. 30   Response

The Amended Complaint (Dkt. 9) includes Count I, Breach of Duty of Fair Representation, as to Defendant Southwest Airlines Pilots' Association ("SWAPA"), and Count II, Breach of Collective Bargaining Agreement, as to Defendant Southwest Airlines Co. ("SW Airlines"). The basis of jurisdiction is federal question jurisdiction. This case is brought to remedy violations of the Railway Labor Act, 45 U.S.C. Sec. 151, et seq. Plaintiff seeks the award of damages, apportioned between Defendants, in the form of lost wages for back pay and if not reinstated, for front pay, the value of lost benefits, prejudgment interest, reasonable attorney's fees, costs, and all other appropriate relief.


This case involves a  hybrid Sec. 301/fair representation claim.  The suit against Defendant SW Airlines rests on Sec. 301, since Plaintiff is alleging a breach of the collective bargaining agreement.  The suit against Defendant SWAPA is one for breach

Case No. 8:10-CV-2929-T-17EAJ

of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act.  The two claims are inextricably interdependent. "'To prevail against either the company of the Union, ...[Plaintiff] must not only show that [his] discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.'"  See Delcostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-165 (1983).

Defendant SWAPA moves to dismiss for lack of venue pursuant to 28 U.S.C. Sec. 1391(b)(2), or, in the alternative, to transfer venue pursuant to 28 U.S.C. Sec. 1404. Defendant SW Airlines moves to transfer venue pursuant to 28 U.S.C. Sec. 1404.

I. Venue - 28 U.S.C. Sec. 1391(b)

In the Amended Complaint, Plaintiff alleges:

3.  Venue is proper in this judicial district because Kampwerth resides in the Middle District of Florida, the Defendants do business in the Middle District of Florida, and a substantial number of the acts complained of occurred within the Middle District of Florida.

28 U.S.C. Sec. 1391(b)  provides:

**(b)**  A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

2

Case No. 8:10-CV-2929-T-17EAJ

Defendant SWAPA argues that none of the acts of wrongdoing which constitute Defendant's alleged breach of the duty of fair representation occurred in the Middle District of Florida.  Defendant SWAPA argues that there is no nexus between "material acts and omissions alleged as wrongdoing with the Middle District of Florida." Defendant SWAPA relies on the detailed Declaration of Therese Curro (Dkt. 24-1).

Plaintiff responds that key material acts and omissions by both Defendants occurred in the Middle District of Florida, where Plaintiff was employed as an airline pilot for Defendant SW Airlines.   Plaintiff relies on events occurring prior to and during three "fact-finding hearings" conducted by Defendant SW Airlines in Florida, alleged breaches of duty by Defendant SWAPA during its participation in those hearings in Florida, alleged improper conduct by Defendant SW Airlines and possibly Defendant SWAPA in obtaining and using confidential, protected information relating to the criminal investigation from the Pinellas County Sheriff's Office in violation of Florida law, wrongfully terminating Plaintiff's employment at a meeting at took place at the office of Defendant SW Airlines in Orlando, FL, and notifying Plaintiff that Defendants would not permit Plaintiff's grievance to go forward, in a letter received in Florida by Plaintiff. Plaintiff relies on the allegations of the Amended Complaint and Plaintiff's Declaration (Dkt. 30-1).

At the outset, the Court notes that, based on the allegations of the Amended Complaint, some significant acts and omissions took place in Florida, and some significant acts and omissions took place in Texas.

Defendant SW Airlines is a corporation which was incorporated under the laws of the State of Texas, and its corporate headquarters are located in Dallas, Texas.   It is undisputed that Defendant SW Airlines continuously and systematically does business in the Middle District of Florida.   Defendant SW Airlines has moved for transfer to the Northern District of Texas; Defendant SW Airlines has not contested personal

Case No. 8:10-CV-2929-T-17EAJ

jurisdiction in the Middle District of Florida.   Pursuant to 28 U.S.C. Sec. 1391(c), for purposes of venue, Defendant SW Airlines is deemed to reside in the judicial district where Defendant SW Airlines is subject to personal jurisdiction.

Defendant SWAPA is a labor organization which collectively represents the interests of all members employed by SW Airlines.  Pursuant to the policy of the National Labor Relations Act, the individual members may not bargain individually or select a minority union as their representative. Therefore, SWAPA must serve the interests of all members without hostility and discrimination toward any, exercise its discretion with complete good faith and honesty, and avoid arbitrary conduct. Vaca v. Sipes, 386 U.S. 171, 177 (1967). The duty of fair representation stands "as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law. Vaca, 383 U.S. at 182.   There is a fiduciary relationship between the labor organization and its members.

Defendant SWAPA's sole office and principal place of business is in Dallas, Texas.   Defendant SWAPA has a "domicile" in Orlando, "MCO", where a domicile representative is available to serve as a member's union representative from the time an incident giving rise to an investigation of a member occurs.   According to Defendant SWAPA, once discipline is imposed on a member by SW Airlines, the domicile representative is no longer in the picture, and the issue becomes one for Defendant SWAPA's Legal Department and Contract Administration Department, both of which are located in Dallas, Texas. (Dkt. 24-1, p. 4).

Plaintiff refers to the Orlando domicile as a "regional office," and does not dispute that Defendant SWAPA's principal place of business is in Dallas, Texas.

Other courts have liberally construed the reference to "corporations" in Sec. 1391(c) to include unincorporated associations.  See Denver v. R. G. W. R. V.

4

Case No. 8:10-CV-2929-T-17EAJ

Brotherhood of R. R. Trainmen, 387 U.S. 556 (1967);  Kingsepp v. Wesleyan
University, 763 F.Supp. 22 (S.D.N.Y. 1991).     Defendant SWAPA does not dispute
that there is a "domicile" in Orlando which continuously and systematically does
business in the Middle District of Florida.  Defendant SWAPA does not dispute that
Defendant is subject to personal jurisdiction in the Middle District of Florida.

After consideration, the Court finds that venue is proper in the Middle District of
Florida since, for the purposes of venue, both Defendants reside in the same district.
The Court therefore **denies** Defendant SWAPA's Motion to Dismiss for improper
venue.

II. Transfer - 28 U.S.C. Sec. 1404(a)

Defendant SWAPA and Defendant SW Airlines move for transfer to the Northern
District of Texas.

Plaintiff Kampwerth opposes Defendants' Motions to Transfer.

A. Defendant SWAPA

Defendant SWAPA argues that the convenience of the parties and witnesses if
trial is in the Northern District of Texas far outweighs that of a trial in the Middle District
of Florida.  Defendant SWAPA argues that trial in the Northern District of Texas, Dallas
Division, is not inconvenient for Plaintiff.   Defendant SWAPA further argues that trial in
the Middle District of Florida would be exceedingly inconvenient for Defendant SWAPA
and its witnesses, and there is no risk that Plaintiff will not appear for trial in Dallas,
Texas. Defendant SWAPA has included detailed summaries of expected testimony of
principal material witnesses, how the trial of this case in the Middle District of Florida
would be very inconvenient, and "possibly unworkable."  Defendant SWAPA further

5

Case No. 8:10-CV-2929-T-17EAJ

argues that the other factors under Sec. 1401(a) favor granting transfer or are neutral.

II. Defendant SW Airlines

Defendant SW Airlines argues that this action could have been brought in the Northern District of Texas, that the balance of convenience strongly favors a transfer of this action to the Northern District of Texas, and that the interests of justice strongly favor the transfer of this action to the Northern District of Texas. Defendant SW Airlines has identified key witnesses and provided a summary of the expected testimony of material witnesses.

III. Plaintiff's Response

Plaintiff does not dispute that this case could have been brought in the Northern District of Texas. Plaintiff argues that Defendants maintain offices and a domicile in the State of Florida, that the convenience of the parties and witnesses weigh heavily on the side of denying the request to transfer, and that the interests of justice weigh heavily against the request to transfer. Plaintiff has identified key material witnesses and provided a summary of the expected testimony of the material witnesses.

IV. Discussion

To determine whether venue should be transferred, the Court must consider: a) whether the action [might] have been brought in the United States District Court for the Northern District of Texas; b) whether transferring the action will be for the convenience of the parties and witnesses; and c) whether the transfer will be in the interest of justice. The Court is afforded wide discretion in resolving the issue of transfer to a more convenient forum, and the decision as to transfer under Sec. 1404(a) is "'an individualized case-by-case consideration of convenience and fairness.'" Stewart Org.,

Case No. 8:10-CV-2929-T-17EAJ

Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

A. Venue in the Northern District of Texas

Defendants have established, and Plaintiff concedes, that this case could have been brought in the United States District Court for the Northern District of Texas.

B. Balance of Convenience

In determining the balance of convenience, the Court considers: 1) Plaintiff's initial choice of forum; 2) convenience of the parties and witnesses; 3) relative ease of access to sources of proof; 4) availability of compulsory process for witnesses; 5) location of relevant documents; 6) financial ability to bear the cost of the change; 7) all other practical problems that make trial of the case easy, expeditious and inexpensive. Aalberg v. Plan 4 College, Inc., 2009 WL 3698039, *2 (M.D. Fla. 11/4/2009). Transfer is appropriate only when a defendant establishes that the balance weighs strongly in favor of transfer.

1) Plaintiff's Choice of Forum

Plaintiff Kampwerth resides in the Middle District of Florida, and has chosen the Middle District of Florida as the forum. Defendant SWAPA is a labor organization whose office and principal place of business is in Dallas, Texas. Defendant SWAPA has a domicile in the Middle District of Florida. Defendant SW Airlines is a corporation incorporated under the laws of the State of Texas and Defendant's corporate headquarters are located in Dallas, Texas. Defendant SW Airlines does business in the Middle District of Florida.

7

Case No. 8:10-CV-2929-T-17EAJ

Defendant SWAPA contends that Plaintiff's choice of forum is entitled to less weight where the operative facts underlying the cause of action did not occur within the chosen forum. In this case, based on allegations of the Amended Complaint, Plaintiff's declaration, and Defendants' declarations, some significant acts and omissions took place in Florida and some took place in Texas.

The Court accords considerable weight to Plaintiff's choice of forum. Unless other factors strongly outweigh Plaintiff's choice of forum, the Court will not disturb Plaintiff's choice of forum.

This factor weighs against transfer.

2) Convenience of Parties and Witnesses

The convenience of witnesses is an important factor. Defendant SWAPA argues that the vast majority of Defendant SWAPA's witnesses will be non-party witnesses, employed by Defendant AW Airlines and not under the control of Defendant SWAPA. Defendant SW Airlines argues that the majority of Defendant's non-party witnesses are employed in Dallas, Texas, SW Airlines' management witnesses are located in Dallas, Texas, and Captain Ferguson and the majority of the members of Defendant SWAPA's Board of Directors are located in Dallas, Texas. Defendant SW Airlines contends that there would be significant financial costs of transporting and housing its key witnesses, and the time away from job duties would be disruptive to Defendant's operations. Defendant SW Airlines further argues that the management employees who will be central witnesses do not have counterparts who perform their essential duties within the Flight Operations department, and their absence from Dallas would impose a significant hardship and a possible impediment to the proper management and oversight of Defendant's 6,000+ pilots.

Case No. 8:10-CV-2929-T-17EAJ

    Plaintiff has identified eight key witnesses, in addition to Plaintiff, who are located in the Middle District of Florida, and three witnesses located in Texas. Plaintiff argues that it would be more convenient for the eight Florida witnesses for this case to remain in the Middle District. Plaintiff argues that Plaintiff could not compel these witnesses to travel to Texas to testify, and Plaintiff does not have the financial means to pay for their travel to Texas . Plaintiff argues that, as to employee witnesses of Defendant SW Airlines, the witnesses would not be subjected to the same inconvenience to which non-employee witnesses would be subject, based on Defendant SW Airlines' ability to arrange cost-effective and efficient transportation of its employee-witnesses. Plaintiff argues that Defendant SWAPA has identified thirty-three material witnesses; the majority of these witnesses are located in Texas. Defendant SWAPA acknowledges that it is likely that Defendant SW Airlines will cooperate in making the employee-witnesses available.

    Plaintiff argues that the transfer to Texas would alleviate some inconvenience to Defendants' witnesses located in Texas, but at the same time create a heavier burden on Plaintiff and his witnesses located in Florida.

    Where both Defendants have their headquarters in Dallas, Texas, it is more convenient for Defendants if transfer to Texas is granted, and less convenient for the individual Plaintiff, who resides in the Middle District of Florida, Plaintiff's chosen forum. However, where a transfer merely shifts the burden of inconvenience from one party and its witnesses to another party and its witnesses, courts will not disturb a plaintiff's choice of forum.

    This factor weighs against transfer.

Case No. 8:10-CV-2929-T-17EAJ

3) Relative East of Access to Sources of Proof

The location of relevant documentation and records concerning Plaintiff's claim is an important consideration.

Because Defendant SW Airlines' corporate headquarters, key witnesses and key documents are in Dallas, Texas, Defendant SW Airlines ease of access to sources of proof is greater in Texas.  Defendant SWAPA's principal office is in Dallas Texas, and therefore Defendant SWAPA's ease of access to sources of proof is greater in Texas.

The Court notes that technology has eased the burdens associated with discovery. As to documentary evidence, such evidence can be made available electronically.  Depositions can be taken by videoconference without great difficulty.

This factor is a neutral factor.

4) Availability of Compulsory Process for Witnesses

Defendant SWAPA contends that the denial of transfer would put Defendant SWAPA in a compromised position where Defendant SWAPA cannot compel the appearance of 12 of fifteen key witnesses in the Middle District of Florida.

Defendant SW Airlines argues that, to the extent that the non-party witnesses must be compelled to testify, it would be more convenient for the Court and the parties to compel the testimony in Texas, and the cost to obtain their presence in Florida is far greater.

Plaintiff argues that Defendant SW Airlines can compel its employees to travel to Tampa to testify.  Plaintiff anticipates that Defendants will cooperate with each other in

Case No. 8:10-CV-2929-T-17EAJ

making witnesses available, there are numerous issues common to Defendants'
defense, and many of the same witnesses are listed by both Defendants.  Plaintiff
argues that regardless of the venue, Defendants will be able to have SW Airlines
employee witnesses in Texas and Florida to testify in person at trial, but if venue is
moved to Texas, Plaintiff will be forced to take the depositions of Plaintiff's Florida
witnesses and rely on deposition testimony at trial, without the opportunity for additional
questioning at trial.

Both Plaintiff and Defendants have key witnesses who are beyond the limit of
compulsory process.  Where compulsory process is not available to a party to secure
the presence of a live witness at trial, depositions may be used to present testimony.

This factor is a neutral factor.

5) Location of Relevant Documents

The Court notes that Defendants' relevant documents are in Texas, and
Plaintiff's relevant documents are in Florida.

As the Court noted above, documents can be exchanged electronically.

This factor is a neutral factor.

6) Financial Ability to Bear Cost of the Change

Defendants contend that Plaintiff has the financial ability to appear in Dallas,
Texas for legal proceedings.  Defendant SW Airlines argues that the relative bargaining
power and financial positions of the parties as a factor "alone cannot defeat transfer
where...the other factors clearly favor transfer."  Moghaddam v. Dunkin Donuts, Inc.,

Case No. 8:10-CV-2929-T-17EAJ

2002 WL 1940724 (S.D. Fla. 8/13/2002).

Plaintiff argues that his financial resources now are not the same as when Plaintiff offered to hire his own lawyer for an SBOA arbitration hearing and appear at the SBOA hearing himself, rather than abandon his grievance. Plaintiff argues that, in the event of transfer, it would be necessary for Plaintiff to secure representation in Texas, and this would pose a significant financial hardship.

Litigation is expensive. Defendant SWAPA is a labor organization, and Defendant SW Airlines is a corporation. Both Defendants have access to financial resources that Plaintiff, an unemployed individual with limited financial resources, does not have.

This factor weighs against transfer.

7) Familiarity with Governing Law

This case is based on federal question jurisdiction, so the transferee Court would have the same familiarity with governing law that the transferor Court has. As to any issue controlled by state law, the transferee Court would be required to apply the same law that the transferor Court applies. The Court notes that this case will involve interpretation of Ch. 934, Florida Statutes. It is not an unusual experience for a federal court to consider issues which require the application of state law.

This factor is a neutral factor.

12

Case No. 8:10-CV-2929-T-17EAJ

8) Trial Efficiency and the Interests of Justice, Based on
   Totality of Circumstances

Defendant SWAPA argues that the public interest strongly favors trial at the "home" of Defendants in Dallas, Texas.  Defendant SWAPA relies on Defendant's duties with respect to all members, including the wise use of union resources, such as time, personnel and money.  Defendant SWAPA further argues that the Northern District of Texas has experience with issue of the duty of fair representation specifically as to Defendants SWAPA and SW Airlines, and that it makes sense for the federal bench in Dallas, Texas to develop the jurisprudence and resolve issues between Dallas-based Defendants.

Defendant SW Airlines argues that Defendant will be required to call numerous employees as witnesses, the majority of whom reside in Dallas, Texas.  The transfer of this case would reduce the amount of time the witnesses spend away from their families and jobs.  Defendant SW Airlines further argues that Defendant will incur significant expense in transporting witnesses to Florida for trial, in addition to disruption of Defendant's business operations.  Defendant SW Airlines argues that it would be less burdensome, more expeditious and in the interest of justice to grant the transfer of this case to Dallas, Texas.

Plaintiff Kampwerth argues that this Court has an equally compelling interest in adjudicating the rights of Florida residents whose employment is in the State of Florida.

The issue of transfer cannot be determined solely by counting witnesses.  With proper planning, inconvenience and expense to parties and witnesses can be minimized.  While it is clear that a transfer would alleviate inconvenience and costs to Defendants and their witnesses, the transfer of this case would significantly impair Plaintiff Kampwerth's ability to proceed with this case, in terms of obtaining

13

Case No. 8:10-CV-2929-T-17EAJ

representation in Texas and the additional costs associated with litigation and trial in Dallas, Texas rather than the Middle District of Florida.   After considering the above factors, as well as the practical aspects of litigation and trial, and the interests of justice, the Court concludes that Plaintiff's choice of forum should not be disturbed. Accordingly, it is

ORDERED that Defendant SWAPA's  Motion to Dismiss for lack of venue is **denied** (Dkt. 24), and Defendants' Motions to Transfer are **denied** (Dkts. 24, 27).

DONE and ORDERED in Chambers, in Tampa, Florida on this 17th day of November, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record